UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America, | § § § | |
| v. | § § | CRIMINAL NUMBER |
| Sean Michael Block, | § § § | SA-08-CR-669(2) HLH |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The matter before the Court is defendant's ex parte application for in forma pauperis status on appeal (docket entry 104 and 107). The court has been advised that the government does not oppose the request for pauper status. This matter was referred to me by Order to make a recommendation concerning defendant/movant's eligibility to appeal in forma pauperis (docket entry 105).

Having considered the submissions of defendant/movant, the lack of opposition by the government and the applicable statutory authorities, I find that the record before me is sufficient to determine defendant's eligibility to proceed IFP without further hearing, and recommend that the motion be granted.

Title 28 U.S.C. Sec. 1915(a) and Rule 24 of the Rules of Appellate Procedure require defendant/movant to file an affidavit of his assets which demonstrate his indigency. Defendant/movant submitted an affidavit in compliance with those authorities using Form 4 found at the Appendix of Forms which follows the Federal Rules of Appellate Procedure (docket entry 107). Defendant/movant is also required to submit a statement of entitlement to redress that specifies the issues on appeal which he intends to present. Defendant/movant identified the issues

which he intends to pursue on appeal in docket entry 104. Those include the legal sufficiency of the evidence to support his conviction on counts 2 and 3, and computation of guideline factors.

A review of the defendant/movant's application and supporting documents reveals that he has adequately demonstrated indigency. He has no assets other than $140 in his inmate trust account. He has been in jail and unemployed for the past year. He has outstanding child support and tax liabilities. His parents have retained the attorney now representing the defendant/movant (and made only partial payment for that representation). The issues which he intends to argue on appeal are specific, non-frivolous, and will require review of the trial transcript by appellate counsel as well as the reviewing court.

For the above reasons, I RECOMMEND that defendant/movant's motion be GRANTED and that he be granted in forma pauperis status for purposes of pursuing his appeal.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[1] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those

---

[1] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[2] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[3]

**SIGNED** on August 8, 2009.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[2]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[3]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).